|  | Hearing Date: | March 17, 2026 |
|---|---|---|
|  | Hearing Time: | 1:00 PM |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:

Farida Yeasim,

               Debtor.
-------------------------------------------------------X

Case No.    1-26-40035-jmm
Chapter     13

## NOTICE OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING CO-DEBTOR STAY UNDER §1301 AND GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. §362(d)(4)

**PLEASE TAKE NOTICE** that NSL Special Assets LLC ("Movant") seeks relief from the automatic stay as to the property located at 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414 (the "Property"), and will move before the Honorable Jil Mazer-Marino, United States Bankruptcy Judge in the United States Bankruptcy Court for the Eastern District of New York on **March 17, 2026 at 1:00 PM** (the "Hearing Date") or as soon thereafter as counsel may be heard for an Order:

1. Pursuant to Bankruptcy Rule 4001, 11 U.S.C.§§105(a) and 362(d)(1) granting Movant, its successors and/or assigns, relief from the automatic stay due to the Debtor's failure to provide Movant with adequate protection for its security; and

2. Granting *in rem* relief pursuant to 11 U.S.C.§ 362(d)(4) such that any and all future filings by the Debtor or any other person or entity with an interest in the property shall not operate as an automatic stay against the Movant and its successors and/or assigns; and

3. Granting relief from Co-Debtor stay as it applies to Misba Abdin and Shopno I, LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C § 1301; and for such other and further relief as to this Court may seem just and proper; and

4. Granting Movant such other and further relief as is just and proper under the circumstances of this case.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief requested shall be in writing, shall state with particularity the grounds for the objection, shall be filed with the Clerk of the Bankruptcy Court and served upon the undersigned counsel for the Movant seven (7) days prior to the Hearing Date.

Effective August 28, 2023, parties may appear in person, by phone, or by videoconference for hearings to be heard by Judge Mazer-Marino.

### Mandatory Registration for Hearings through eCourt Appearances

Regardless of whether a hearing is by phone, videoconference, or in person, all hearing participants must register with eCourt Appearances in advance of every appearance. eCourt Appearances registration is required by attorneys and non-attorneys.

The general public, including the press, are not required or permitted to register for hearings through eCourt Appearances. The eCourt Appearances platform is for use exclusively by parties and their professionals.

CM/ECF accounts are not necessary for eCourt Appearances. Attorneys with an CM/ECF account may find the program under the "Utilities" menu after logging on to CM/ECF.

**To register for eCourt Appearances and for more information on eCourt Appearances, including a tutorial:** https://www.nyeb.uscourts.gov/registering-remote-hearing-appearance-using-ecourt-appearances

Once registered, eCourt Appearances will email the telephone number, video link, and courtroom address for your hearing. You may register for hearings weeks in advance, but the telephone number and video link will not be sent to you until 48 hours before the hearing date. Those registering with eCourt Appearances for hearings less than 48 hours in advance should allow up to 15 minutes after registration to receive the email with the hearing information.

Those unable to access eCourt Appearances must email Judge Mazer-Marino's Courtroom Deputy at: jmm_hearings@nyeb.uscourts.gov at least two (2) business days prior to the hearing. Your email must include your name, the case number(s), who you represent (if you are an attorney), hearing date, and phone number.

Dated: January 21, 2026

Syosset, New York                    **Margolin, Weinreb & Nierer, LLP**

                        By:    */s/ Andrew Goldberg*
                              Andrew Goldberg, Esq.
                              Attorneys for Movant
                              575 Underhill Boulevard, Suite 224
                              Syosset, New York 11791
                              (516) 921-3838
                              andrew@nyfclaw.com

To:

Debtor:
Farida Yeasim
89-10 158th Ave
Howard Beach, NY 11414

Non-Filing Co-Debtor
Misba Abdin
8910 158th Avenue
Howard Beach, NY 11414

Non-Filing Co-Debtor
Shopno I, LLC
8910 158th Avenue
Howard Beach, NY 11414

Trustee:
Michael J. Macco Trustee
2950 Express Dr S
Ste 109
Islandia, NY 11749

US Trustee:
Office of the United States Trustee
Eastern District of NY (Brooklyn)
Alexander Hamilton Custom House
One Bowling Green
Room 510
New York, NY 10004-1408

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
In re:

                                                Case No.   1-26-40035-jmm

Farida Yeasim,                                Chapter    13

                                 Debtor.
-------------------------------------------------------------X

### AFFIRMATION IN SUPPORT OF MOTION FOR AN ORDER TERMINATING THE AUTOMATIC STAY UNDER BANKRUPTCY CODE §362(d)(1) AND MODIFYING THE CO-DEBTOR STAY UNDER BANKRUPTCY CODE §1301 AND GRANTING *IN REM* RELIEF PURSUANT TO 11 U.S.C. §362(d)(4)

Andrew Goldberg, Esq., the undersigned, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1.    I am an attorney with Margolin, Weinreb & Nierer, LLP, attorneys for NSL Special Assets LLC (hereinafter the "Movant"), and as such am fully familiar with the facts and circumstances of this case.

2.    I make this Affirmation in Support of the Movant's motion for an Order (i) terminating the automatic stay with respect to the property located at 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414 (the "Property"); (ii) granting in rem relief pursuant to 11 U.S.C.§ 362(d)(4) such that any and all future filings by the Debtor or any other person or entity with an interest in the property shall not operate as an automatic stay against the Movant and its successors and/or assigns; (iii) modifying co-debtor stay as to Misba Abdin and Shopno I, LLC pursuant to Bankruptcy Code §1301 and (iv) granting Movant such other relief as the Court deems just. A copy of the order the proposed order is attached as **Exhibit A**.

<u>Background</u>

3. Movant is the holder of a Note and Mortgage given by Non-Filing Co-Debtor Shopno I, LLC dated October 3, 2022, in the original principal amount of $1,850,000,00 (the "Note and Mortgage"). A copy of the Note and Mortgage are attached hereto as **Exhibit B**.

4. The Note and Mortgage were executed by Misba Abdin (the "Non-Filing Co-Debtor") as Managing Member of Shopno I, LLC. <u>See</u> **Exhibit B**.

5. A Guaranty of Payment was executed by the Debtor Farida Yeasmin and Non-Filing Co-Debtor Misba Abdin on October 3, 2022. A copy of the Guaranty of Payment is attached hereto as **Exhibit B**.

6. All obligations of the Debtor and Non-Filing Co-Debtors under and with respect to the Note and the Mortgage are secured by the Property.

7. Movant is an entity entitled to enforce the Note.

8. Pursuant to the terms of the Note and Mortgage, the loan matured October 1, 2023. <u>See</u> **Exhibit B**.

9. All rights and remedies under the Mortgage have been assigned to Movant pursuant to those certain Assignments of Mortgage, copies of which are attached hereto as **Exhibit B**.

10. As the loan became delinquent, a foreclosure action was commenced in the Supreme Court of the State of New York, County of Kings, on or about January 11, 2024 under Index No.: 700734/2024.

11. On or about October 22, 2024, a Judgment of Foreclosure and Sale was entered by the Hon. Ulysses B. Leverett, J.S.C. A copy of the Judgment of Foreclosure and Sale is attached hereto as **Exhibit C**.

12. Since the entry of the Judgment of Foreclosure and Sale, there have been two (2) Bankruptcy petitions filed in order to prevent the Movant from proceeding with scheduled foreclosure sales.

### Bankruptcy Case Chronology

13. After the entry of the Judgment of Foreclosure and Sale, a foreclosure sale was scheduled for May 16, 2025. On May 15, 2025, Non-Filing Co-Debtor Misba Abdin filed a Chapter 13 Bankruptcy Petition under Case No. 25-42346-nhl (the "First Bankruptcy Filing"), thereby staying the scheduled foreclosure sale. The case was dismissed on September 3, 2025 pursuant to a Motion to Dismiss filed by the Chapter 13 Trustee.

14. The foreclosure sale was then re-scheduled for January 9, 2026. On January 5, 2026, Debtor filed a skeletal Chapter 13 Bankruptcy Petition under Case No. 26-40035-jmm (the "Second Bankruptcy Filing"), thereby staying the scheduled foreclosure sale.

15. The Court should note that the Debtor has failed to cure their filing deficiencies as of the date of this Motion.

### Cause Exists to Terminate the Stay under Bankruptcy Code §362(d)(1)

16. Bankruptcy Code §362(d)(1) provides, in pertinent part, that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property…".

17. As set forth above, cause exists to vacate the automatic stay as the Debtor has failed to make monthly mortgage payments to the Movant. In *In re Taylor*, 151 B.R. 646, 648 (E.D.N.Y 1993), the Eastern District of New York held that "[s] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay." The court in *In re Taylor* further held that once a mortgagee makes a prima facie showing of "cause" permitting lifting of the automatic stay based on the Chapter 13 debtor's failure to make mortgage payments, "it was incumbent upon [the debtor] to establish that the [mortgage's] interest in the property was adequately protected," and if the debtor fails to do so, the mortgage is entitled to relief from the automatic stay. *In re Taylor*, 151 B.R. at 648.

18. According to the District Worksheet, the underlying Note matured on October 1, 2023 and the Debtor is due for the total debt in the amount of $2,377,404.13. A copy of the District Worksheet is attached hereto as **Exhibit D.**

19. To date, the Debtor has failed to provide adequate protection to Movant for the amounts due.

## Relief from Co-Debtor Stay

20. This Court should also grant the Movant relief from the Co-Debtor Stay as to the Non-Filing Co-Debtors Misba Abdin and Shopno I, LLC. Section 1301(c)(3) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Co-Debtor Stay with respect to a creditor "to the extent that…such creditor's interest would be irreparably harmed by continuation of such stay." If the Court grants the Movant relief from the Automatic Stay but not to the Co-Debtor Stay, then the Movant will still not be permitted to take any and all action under applicable state law to exercise its remedies against the

Property. Thus, the continuation of the Co-Debtor Stay would irreparably harm the creditor's interest in the property.

### *In Rem* Relief from the Automatic Stay Should be Granted Pursuant to 11 U.S.C. Section 362(d)(4)

21. It is based on the foregoing facts that Movant asks this Court in accordance with 11 U.S.C. Sections 105(a) and 362(d) to grant relief from the automatic stay for cause and determine pursuant to U.S.C. Sections 362(d)(4)(A) and (B) that the instant filing was part of a scheme to delay, hinder or defraud creditors that involved multiple bankruptcy filings.

22. The Honorable Alan S. Trust wrote three decisions discussing the applicability of 11 U.S.C. Section 362(d). *In re Montalvo* (Bnkr, EDNY 2009, 09-72774-ast), *In re Blair* (Bnkr, EDNY 2009, 09-76150-ast) and *In re Smith* (Bnkr, EDNY 2009, 09-77562-ast). All three cases had virtually identical fact patterns where co-mortgagors took turns filing Chapter 13 petitions over a period of years. In each case, the Court found that the filings occurred shortly before significant events affecting those concerned properties were scheduled. The Court found that the timing of the filings in each of the filings and the lack of any good faith in prosecuting the cases allow it to draw a permissible inference that a scheme to delay, hinder and defraud the creditor was present.

23. The Honorable Robert E. Grossman subsequently discussed the application of Section 362(d)(4)(B) in *In re Merlo*, 646 B.R. 389 (Bankr. E.D.N.Y 2022) In that opinion, this Court stated:

> "This Court believes that the focus of this section is the effect of the filing on the secured creditor's ability to utilize the full complement of powers granted under applicable state law, whether that be a foreclosure proceeding or some other remedy. When viewed through this lens, the conduct of the debtor while in bankruptcy is less relevant than the actual timing and existence of multiple filings. The existence of multiple filings on the eve of foreclosure alone, in this Court's view, is sufficient to establish a presumption of a scheme to hinder or delay the creditor, subject to the debtor's right to challenge this presumption."

*In re Merlo*, 646 B.R. 389, 395

24. As set forth in detail above, the Debtor and Non-Filing Co-Debtor have filed multiple bankruptcy petitions whose only purpose was to prevent Movant from proceeding with scheduled foreclosure sales. The actions detailed above clearly exemplify the intent to delay, hinder and defraud Movant as contemplated by 11 U.S.C Section 362(d)(4).

25. The history of serial filings in regard to this Property provides evidence of bad faith and abuse of the bankruptcy process, and it is within the Court's power to put a stop to this cycle of abuse. In looking at the totality of filings regarding the Property, it is clear that there is evidence of bad faith that would justify the requested relief. Further evidence of bad faith is evinced from the timing of the bankruptcy filings as related to the Notices of Sale referenced in the prior paragraphs.

**WHEREFORE**, it is respectfully requested that this Court enter an Order terminating or modifying the automatic stay and granting the following:

1. Relief from the stay pursuant to Bankruptcy Code §362(d)(1) for the Debtor's failure to maintain current contractual payments, because the Movant is not adequately protected, and the Property is not needed for an effective reorganization; and

2. Granting *in rem* relief as to the Property, such that any and all future filings by the Debtor, or any other person or entity with an interest in the Property, shall not operate as an automatic stay against the Movant and its successors and/or assigns with regard to the Property for a period of two (2) years from the entry of the Order; and

3. An Order granting relief from Co-Debtor stay as it applies to Misba Abdin and Shopno I, LLC pursuant to Federal Bankruptcy Procedure Rule 4001 and 11 U.S.C. §1301; and

4. For such other relief as the Court deems proper.

Dated: January 21, 2026

Syosset, New York                              **Margolin, Weinreb & Nierer, LLP**

                            By:    */s/ Andrew Goldberg*
                                     Andrew Goldberg, Esq.
                                     Attorneys for Movant
                                     575 Underhill Boulevard, Suite 224
                                     Syosset, New York 11791
                                     (516) 921-3838
                                     andrew@nyfclaw.com