# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

Farida Yeasim,

                           Debtor.
-------------------------------------------------------X

Case No.   1-26-40035-jmm
Chapter    13

## ORDER GRANTING RELIEF FROM THE AUTOMATIC STAY AND THE CODEBTOR STAY AND IN REM RELIEF

Upon the motion [ECF No. ___] (the "Motion") of NSL Special Assets LLC ("Movant"), for relief from the automatic stay and in rem relief with respect to 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414 (the "Collateral") and for relief from the codebtor stay with respect to Misba Abdin and Shopno I, LLC (the "Co-Debtors") and a hearing on the Motion having been held on March 17, 2026; and good and sufficient notice of the Motion and the hearing having been given; and objections, if any, having been overruled, withdrawn or resolved, and good cause appearing therefor, it is

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 362(a), is hereby modified pursuant to 11 U.S.C. Section 362(d)(1) to permit Movant, its agents, assigns or successors in interest, to exercise their rights and remedies available under applicable law as to the Collateral; and it is further

**ORDERED**, that the automatic stay in effect pursuant to 11 U.S.C. § 1301(a) is modified pursuant to 11 U.S.C. § 1301(c)(1) to permit Movant, its agents, assigns, or successors in interest, to exercise their rights and remedies available under applicable law as to the Co-Debtors; and it is further

**ORDERED**, within thirty (30) days of any sale or disposition of the Collateral, the Movant shall serve a copy of the report of sale or disposition of the Collateral on the above-captioned debtor, debtor's counsel, and the case trustee. Any surplus proceeds realized from the sale or other disposition of the Collateral shall be remitted to the case trustee; and it is further

**ORDERED**, pursuant to 11 U.S.C. § 362(d)(4), if recorded in compliance with applicable State laws governing notices of interests or liens in real property, this Order shall be binding in any other bankruptcy case purporting to affect the Collateral that is commenced not later than two (2) years after the date of entry of this Order; except that a debtor in a subsequent bankruptcy case may move for relief from this Order based upon changed circumstances or for good cause shown, after notice and a hearing; and it is further

**ORDERED**, that all other relief requested in the Motion is denied.