# EXHIBIT C

**FILED & RECORDED**
11:16 AM
10/24/2024
COUNTY CLERK
QUEENS COUNTY

At I.A.S. Part 41 of the Supreme Court of the State of New York, held in and for the County of Queens, at the Courthouse thereof, located at 88-11 Sutphin Boulevard, Jamaica, New York 11435 on the 22nd day of October, 2024.

PRESENT: **HON. ULYSSES B. LEVERETT**

JUSTICE OF THE SUPREME COURT

---------------------------------------------------------------X
NSL SPECIAL ASSETS LLC,

                Plaintiff,

-against-

SHOPNO I, LLC, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, NEW YORK CITY DEPARTMENT OF FINANCE, CAPITAL ASSIST LLC, JOSHA F., LAST NAME REFUSED, S/H/A JOHN DOE 1, ROHAN F., LAST NAME REFUSED, S/H/A JOHN DOE 2, YASMIN F., LAST NAME REFUSED, S/H/A JANE DOE 1;

                Defendant(s).
---------------------------------------------------------------X

INDEX NO: 700734/2024
Motion Sequence No. 2
**ORDER CONFIRMING REFEREE REPORT AND JUDGMENT OF FORECLOSURE AND SALE**

COMMERICAL FORECLOSURE

Property Address: 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414

County: Queens
Block: 13988, Lot: 4 & 7

Mortgage Servicer: MW Lending, LLC
Mortgage Servicer Phone #: 516-921-3838

UPON the Summons, Complaint, and Notice of Pendency filed in this action on the 11th day of January 2024, the stipulation consenting to judgment dated March 18, 2024, the Notice of Motion dated September 5, 2024, the affirmation of Sandy J. Stolar, Esq. and the exhibits annexed thereto, the affidavit of merit by Michael Weinreb who is the Authorized Agent of NSL

Special Assets LLC, duly sworn to on March 26, 2024, together with the exhibits annexed thereto, all in support of Plaintiff's motion for a Judgement of Foreclosure and Sale; and

UPON a Notice of Appearance filed by Shopno I, LLC through its attorney on March 18, 2024;

UPON proof that each of the defendants herein has been duly served with the Summons and Complaint in this action, and has not served any answer to the Complaint or otherwise appeared, nor had their time to do so extended; and it appearing that more than the legally required number of days has elapsed since defendants New York State Department of Taxation and Finance, New York City Department of Finance, Capital Assist LLC, Josha F., Last Name Refused, s/h/a John Doe 1, Rohan F., Last Name Refused, s/h/a John Doe 2, and Yasmin F., Last Name Refused, s/h/a Jane Doe 1 were so served; and Plaintiff having established to the court's satisfaction that a judgment against defendants is warranted; and

UPON the affidavit of mailing reflecting compliance with CPLR 3215(g)(3)(iii); and

UPON proof that non-appearing defendants New York State Department of Taxation and Finance, New York City Department of Finance, Capital Assist LLC, Josha F., Last Name Refused, s/h/a John Doe 1, Rohan F., Last Name Refused, s/h/a John Doe 2, and Yasmin F., Last Name Refused, s/h/a Jane Doe 1 are not absent, in accordance with RPAPL §132(2); and

A Referee having been appointed to compute the amount due to Plaintiff upon the bond/note and mortgage set forth in the Complaint and to examine whether the mortgaged property can be sold in parcels; and

UPON reading and filing the Report of Lamont R. Bailey, Esq., dated July 25, 2024, showing the sum of $2,255,739.32 due as of the date of said Report and that the mortgaged property may not be sold in parcels; and

UPON proof of due notice of this motion upon all parties entitled to receive same, and upon all the prior proceedings and papers filed herein; and

UPON reading and filing the decision of the Court dated _____;

ORDERED, that the motion is granted; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee's Report of Lamont R. Bailey, Esq., dated July 25, 2024, be, and the same is, hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged property described in the Complaint and as hereafter described, or such part thereof as may be sufficient to discharge the mortgage debt, the expenses of the sale, and the costs of this action as provided by the RPAPL be sold, within 90 days of the date of this Judgment, in one parcel, at a public auction at the Queens County Supreme Court located at 88-11 Sutphin Boulevard, Jamaica, New York 11435, in Courtroom #25 at 10:00 A.M. on a Friday, by and under the direction of _Lamont R. Bailey_____ is hereby appointed Referee for that purpose; that said Referee give public notice of the time and place of sale in accordance with RPAPL §231 in _Newsday - Queens Edition._____ and it is further

ORDERED, ADJUDGED AND DECREED that by accepting this appointment, the Referee certifies that he/she is in compliance with Part 36 of the Rules of the Chief Judge (22 NYCRR Part 36), including, but not limited to §36.2(c) ("Disqualifications from appointment") and §36.2(d) ("Limitations on appointments based upon compensation"); and, if the Referee is disqualified from receiving an appointment pursuant to the provisions of that Rule, the Referee shall immediately notify the Appointing Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee is prohibited from accepting or retaining any funds for him/herself or paying funds to him/herself without compliance with Part 36 of the Rules of the Chief Administrative Judge; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall conduct the foreclosure sale only if Plaintiff, its successors and/or assignees, or its representative is present at the sale; and it is further

ORDERED, ADJUDGED AND DECREED that if the Referee does not conduct the sale within 90 days of the date of the judgment, in accordance with CPLR 2004, the time fixed by RPAPL §1351(1) is extended for the Referee to conduct the sale as soon as reasonably practicable; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall accept the highest bid offered by a bidder who shall be identified upon the court record, and shall require that the successful bidder immediately execute Terms of Sale for the purchase of the property, and pay to the Referee, by certified or bank check, ten percent (10%) of the sum bid, unless the successful bidder is Plaintiff in which case no deposit against the purchase price shall be required; and it is further

ORDERED, that the Referee shall comply with the Eleventh Judicial District's Policies concerning Public Auctions of foreclosed properties, including the new policy authorizing remote bidding. If the Referee is unwilling or unable to comply with such provisions, including but not limited to the ability to accept wire transfers, the Referee shall notify the court immediately. These policies, along with the Queens County Foreclosure Auction Rules, can be found on the Queens Supreme Court - Civil Term website;

ORDERED, ADJUDGED AND DECREED that, in the event the first successful bidder fails to execute the Terms of Sale immediately following the bidding upon the subject property or fails to immediately pay the ten percent (10%) deposit as required, the property shall be reoffered at auction; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee shall then deposit the down payment and proceeds of sale, as necessary, in [*Name of Depository*] *[handwritten: Flagstar Bank 89-36 Sutphin Blvd 3rd Fl Jamaica NY]* in his/her own name as Referee, in accordance with CPLR 2609; and it is further

ORDERED, ADJUDGED AND DECREED that after the property is sold, the Referee shall execute a deed to the purchaser, in accordance with RPAPL §1353 and the terms of sale, which shall be deemed a binding contract; and it is further

ORDERED, ADJUDGED AND DECREED that, in the event a party other than the Plaintiff becomes the purchaser at the sale, the closing of title shall be held no later than 30 days after the date of such sale unless otherwise stipulated by all parties to the sale; and it is further

ORDERED, ADJUDGED AND DECREED that, if Plaintiff (or its affiliate, as defined in paragraph (a) of subdivision 1 of section six-l of the Banking Law) is the purchaser, such party shall place the property back on the market for sale or other occupancy: (a) within 180 days of

the execution of the deed of sale, or (b) within 90 days of completion of construction, renovation, or rehabilitation of the property, provided that such construction, renovation, or rehabilitation proceeded diligently to completion, whichever comes first, provided however, that a court of competent jurisdiction may grant an extension for good cause; and it is further

ORDERED, ADJUDGED AND DECREED that the Referee, on receiving the proceeds of such sale, shall forthwith pay therefrom, in accordance with their priority according to law, all taxes, assessments, sewer rents, or water rates, which are, or may become, liens on the property at the time of sale, with such interest or penalties which may have lawfully accrued thereon to the date of payment; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then deposit the balance of said proceeds of sale in her/his own name as Referee in _Flagstar Bank_, and shall thereafter make the following payments in accordance with RPAPL §1354, as follows:

FIRST: The Referee's statutory fees for conducting the sale, in accordance with CPLR 8003(b), in the sum of $750.00. In the event a sale was cancelled or postponed, Plaintiff shall compensate the Referee in the sum of $ _250.00_ for each adjournment or cancellation, unless the Referee caused the delay;

SECOND: All taxes, assessments, and water rates that are liens upon the property and monies necessary to redeem the property from any sales for unpaid taxes, assessments, or water rates that have not become absolute, and any other amounts due in accordance with RPAPL §1354(2). Purchaser shall be responsible for interest and penalties due on any real property taxes accruing after the sale.

The Referee shall not be responsible for the payment of penalties or fees pursuant to this appointment. The Purchaser shall hold the Referee harmless from any such penalties or fees assessed;

THIRD: The expenses of the sale and the advertising expenses as shown on the bills presented and certified by said Referee to be correct, duplicate copies of which shall be annexed to the report of sale;

FOURTH: The Referee shall then pay to the Plaintiff or its attorney the following:

Amount due per Referee's Report: $2,255,739.32 with interest at the note rate from August 13, 2024 until judgment entry together with any advances as provided for in the note and mortgage which Plaintiff has made for taxes, insurance, principal, and interest, and any other charges due to prior mortgages or to maintain the property pending consummation of this foreclosure sale, not previously included in the computation, upon presentation of receipts for said expenditures to the Referee, all together with interest thereon pursuant to the note and mortgage, and then with interest from the date of entry of this judgment at the statutory rate until the date the deed is transferred;

Costs and Disbursements: $4,024.69 adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the Clerk and inserted herein, with interest at the statutory-judgment rate from the date of entry of this judgment;

Additional Allowance: $_____ is hereby awarded to Plaintiff in addition to costs, with interest at the statutory judgment rate from the date of entry of this judgment, pursuant to CPLR Article 83;

Attorney Fees: $ 3,500.00 is hereby awarded to Plaintiff as reasonable legal fees herein, with interest at the statutory rate from the date of entry of this judgment;

FIFTH: Surplus monies arising from the sale shall be deposited with the Queens County Clerk by the officer conducting the sale within five days after receipt in accordance with RPAPL §1354(4) and in accordance with local County rules regarding Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the Plaintiff is the purchaser of the property, or in the event that the rights of the purchasers at such sale and the terms of sale under this judgment shall be assigned to and be acquired by the Plaintiff, and a valid assignment thereof is filed with said Referee, said Referee shall not require Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff or its assignee, a deed or deeds of the property sold upon the payment to said Referee of the amounts specified in items marked "First", "Second", and "Third" above; that the Referee shall allow the Plaintiff to pay the amounts specified in "Second" and "Third" above when it is recording the deed; that the balance of the bid, after deducting the amounts paid by the Plaintiff, shall be applied to the amount due Plaintiff as specified in paragraph "Fourth" above; that Plaintiff shall pay any surplus after applying the balance of the bid to the Referee, who shall deposit it in accordance with paragraph "Fifth" above; and it is further

ORDERED, ADJUDGED AND DECREED that all expenses of recording the Referee's deed, including real property transfer tax, which is not a lien upon the property at the time of sale, shall be paid by the purchaser, not by the Referee from sale proceeds, and that any transfer tax shall be paid in accordance with Tax Law §1404; and it is further

ORDERED, ADJUDGED AND DECREED that the mortgaged property is to be sold in one parcel in "as is" physical order and condition, subject to any condition that an inspection of the property would disclose; any facts that an accurate survey of the property would show; any covenants, restrictions, declarations, reservations, easements, right of way, and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged property is located and possible violations of same; any rights of tenants or persons in possession of the subject property; prior liens of record, if any, except those liens addressed in RPAPL §1354; any equity of redemption of the United States of America to redeem the property within 120 days from the date of sale; and any rights pursuant to CPLR 317, 2003, and 5015, or any appeal of the underlying action or additional litigation brought by any defendant or its successor or assignee contesting the validity of this foreclosure; and it is further

ORDERED, ADJUDGED AND DECREED that the purchaser be let into possession of the property upon production in hand of the Referee's Deed or upon personal service of the Referee's deed in accordance with CPLR 308; and it is further

ORDERED, ADJUDGED AND DECREED that the Defendants in this action and all persons claiming through them and any person obtaining an interest in the property after the filing of the Notice of Pendency are barred and foreclosed of all right, claim, lien, title, and interest in the property after the sale of the mortgaged property; and it is further

ORDERED, ADJUDGED AND DECREED that within 30 days after completing the sale and executing the proper conveyance to the purchaser, unless the time is extended by the court, the officer making the sale shall file with the Queens County Clerk a report under oath of the disposition of the proceeds of the sale in accordance with RPAPL §1355(1) and follow all local County rules regarding handling of Surplus Monies; and it is further

ORDERED, ADJUDGED AND DECREED that if the purchaser or purchasers at said sale default(s) upon the bid and/or the terms of sale the Referee may place the property for resale without prior application to the Court unless Plaintiff's attorneys shall elect to make such application; and it is further

ORDERED, ADJUDGED AND DECREED that the Plaintiff shall serve a copy of this Judgment with Notice of Entry upon the owner of the equity of redemption, any tenants named in this action, and any other parties or persons entitled to service, including the Referee appointed herein; and it is further

ORDERED, ADJUDGED AND DECREED that nothing herein shall be deemed to relieve Plaintiff of any obligation imposed by RPAPL §1307 and RPAPL §1308 to secure and maintain the property until such time as ownership of the property has been transferred and the deed duly recorded; and it is further

ORDERED, ADJUDGED AND DECREED that, when the Referee files a report of sale, he or she shall concurrently file a Foreclosure Actions Surplus Monies Form; and it is further

ORDERED, ADJUDGED AND DECREED that to ensure compliance herewith, Plaintiff shall file a written report with the court within six months from the date of entry of this judgment stating whether the sale has occurred and the outcome thereof.

Said property is commonly known as 89-10 158th Avenue a/k/a 8910 158th Avenue, Howard Beach, New York 11414 and 158th Avenue, Howard Beach, New York 11414.

The legal description of the mortgaged property referred to herein is annexed hereto as Schedule A.

10/22/2024

ENTER:

_____
Justice of the Supreme Court

HON. ULYSSES B. LEVERETT

**FILED & RECORDED**
11:16 AM
10/24/2024
COUNTY CLERK
QUEENS COUNTY

_____
CLERK

## SCHEDULE A

### DESCRIPTION OF MORTGAGED PREMISES

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough and County of Queens, City and State of New York, bounded and described as follows:

BEGINNING at a point on the southerly side of 158th Avenue (Dunham Avenue) distant 60 feet easterly from the corner formed by the intersection of the said southerly side of 158th Avenue with the easterly side of 89th Street;

RUNNING THENCE southerly parallel with 89th Street, 100.00 feet;

THENCE easterly parallel with 158th Avenue, 80.00 feet;

THENCE northerly and again parallel with 89th Street, 100.00 feet to the said southerly side of 158th Avenue; and

THENCE westerly along the said southerly side of 158th Avenue, 80.00 feet to the point or place of BEGINNING.

Block: 13988, Lot: 4 & 7